IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VERNIST McCRANEY                                                                                           PLAINTIFF
ADC #138122

V.                                      NO: 5:09CV00126 BSM/HDY

JEFF SPRADLIN *et al.*                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this complaint on May 1, 2009, alleging that Defendant Jeff Spradlin gave him the wrong insulin for his diabetes from about February 12, 2009, until March 8, 2009. According to Plaintiff, this led to "bloody sores and aches and pains" in his body, and could have had serious side effects. Although Plaintiff is unsure if the improper medication was intentionally provided, he asserts that the mistake was made when Spradlin was upset at him for being late for diabetic call.

On October 28, 2009, Defendants Spradlin, and Ruloff Turner filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #20-#22). Although Plaintiff has been ordered to file a response, and has been given additional time to do so (docket entry #25), he has failed to respond to Defendants' motion, brief, or statement of facts.[1]

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to

---

[1] Pursuant to Local Rule 56.1(c), all material facts set forth in the statement by the moving party are deemed admitted unless controverted by the non-moving party.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Spradlin and Turner assert that Plaintiff's complaint should be dismissed because he has failed to exhaust his administrative remedies with respect to the allegations he has raised in his complaint. Lack of exhaustion is an affirmative defense, which must be proved by defendants. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Spradlin and Turner have attached the declaration of Charlotte Gardner, the ADC's medical

3

grievance investigator. According to Gardner, Plaintiff did file a grievance regarding the issues in the complaint on March 13, 2009. When his grievance was denied, Plaintiff appealed to Gardner's office on March 27, 2009, but the appeal was rejected because it was unsigned, and undated, and did not include Plaintiff's ADC number. Thus, according to Gardner, Plaintiff failed to exhaust his administrative remedies because he failed to follow policy. Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Accordingly, because Plaintiff has failed to properly exhaust his administrative remedies pursuant to ADC policy, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed.[2]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Jeff Spradlin and Ruloff Turner (docket entry #20) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __1__ day of December, 2009.

                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Two Doe Defendants are not party to this motion. However, Plaintiff's complaint should be dismissed as to them as well, because he has not provided their names, and they have never been served with a summons and complaint. *See* Fed.R.Civ.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).